# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0668-22** |
| | GPD REPORT NOS. 22-27662/22-08614 |
| | 22-11472/22-27656 |
| vs. | |
| | |
| **DIOSADO SERRANO POBLETE, JR.,** | DECISION AND ORDER |
| DOB: 06/17/1980 | RE. DEFENDANT'S MOTION TO |
| | COMPEL DISCOVERY |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon upon Defendant Diosado Serrano Poblete, Jr.'s ("Defendant" or "Defendant Poblete") Motion to Compel Discovery (the "Motion"). Representing the Defendant is Assistant Public Defender Zachary C. Taimanglo. Representing the People of Guam ("the People") is Assistant Attorney General Valerie A. Nuesa.[1] The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(C) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After having received and reviewed the papers and the file herein, the Court issues the following Decision and Order **DENYING IN PART** Defendant's Motion to Compel Discovery.

---

[1] The People's response to Defendant's Motion was originally proffered by then-Assistant Attorney General Kristine B. Borja on January 22, 2024. Attorney Borja is no longer a part of the Office of the Attorney General at the time of this Decision. AAG Nuesa was present for the People at the last Pre-Trial Conference on November 12, 2024, wherein Defendant's Motion was addressed.

# PROCEDURAL AND FACTUAL BACKGROUND

## A. Brief Procedural History

This matter began on November 14, 2022, upon the grand jury returning an Indictment against Defendant Poblete, wherein the Defendant was charged with the following offenses: Two Counts of the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) and Two Counts of the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). The events as charged in the Indictment stem from events that occurred on March 28, 2022, and April 28, 2022. On both dates, officers initiated a controlled purchase involving an informant equipped with video and audio recording devices. *Decl. of Prob. Cause* (Oct. 28, 2022). The informant purchased field-tested methamphetamine from Defendant Poblete on both days. *Id.* The first purchase contained 1.64 grams of methamphetamine while the second purchase contained 1.67 grams of methamphetamine. *Id.*

Defendant filed his Motion on January 8, 2024, and the People responded to Defendant's Motion on January 22, 2024. The Motion would be pending due to a Warrant of Arrest issued by this Court on March 8, 2024, and returned on June 5, 2024. A Motion Hearing was scheduled for August 22, 2024. However, because of an asserted trial before this Court at that time, the Motion Hearing was postponed.[2] The Motion would be addressed on November 12, 2024, at a Pre-Trial Conference for this matter, wherein the Court placed the Motion under advisement.

## B. The Motion

Defendant Poblete seeks to compel the People to disclose the following material: (1) video recordings referenced in discovery, (2) photographs referenced in discovery, (3) the identity of the

---

[2] Specifically, the asserted trial began on August 19, 2024, giving the Court good cause to postpone the hearing.

police informant for purposes of conflict review, and (4) discovery related to laboratory testing. *Def.'s Mot.* at 1-2. The Defendant argues that the requested material constitutes exculpatory material and are critical to his defense, citing to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny, including 8 GCA § 70.10. *Id.* at 2-3.

The People respond that it does not oppose its obligations to provide discovery as mandated by Guam statute and caselaw. *Ppl.'s Resp.* at 1. Further, it would continue to comply with its obligations to provide discovery, including the requested videos and photographs. *Id.* at 3. However, the People argue that it is not required by Guam law to provide the identify of an informant, citing to 8 GCA § 70.20(b). *Id.* at 1-2. The People cite to *Roviaro v. U.S.*, 353 U.S. 53, 77 S. Ct. 623, 1L. Ed. 2d 639 (1957), wherein the US Supreme Court held that the identify of the informant is highly relevant to the accused defense where the informant was "sole participant, other than the accused, in the transaction charged," and "[t]he informer was the only witness in a position to amplify or contradict testimony of government witnesses." *Roviaro*, at 630. The People argue that the facts in this matter are distinguishable. The informant is not the *only* witness to the controlled purchases, as police officers were present at the controlled call and the controlled purchases where they were observing from a distance. *Ppl.'s Resp.* at 3. Further, the People argue that no indications were made that the informant would be called as a witness at trial. *Id.*

## DISCUSSION

**A. Controlling law.**

Guam law provides the obligation of prosecuting attorneys to disclose discovery material to the defense. 8 GCA § 70.10 reads as follows:

> (a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his

possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

      (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

      (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;

      (3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

      (4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

      (5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;

      (6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;

      (7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

      (b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

8 GCA § 70.10. The Court has discretion to order discovery of materials not prescribed in § 70.10 upon the defendant's showing of materiality and if the request is reasonable, including that the disclosure is not outweighed by substantial risk of harm to any person resulting from the disclosure. 8 GCA § 70.15. The Court also notes caselaw, particularly *Brady* and its progeny, upon which § 70.10 adopts its language. *See People v. Tuncap*, 1998 Guam 13 ¶ 17.[3]

However, and most relevant to the instant matter, Guam law provides materials that are not part of a prosecutor's discovery obligations. 8 GCA § 70.20 reads as follows:

      Notwithstanding §§ 70.10 and 70.15, the prosecuting attorney shall not be required to disclose:

---

[3] *Tuncap* particularly cites § 70.10(a)(7) dealing with exculpatory evidence.

(a) legal research or records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the prosecuting attorney or members of his legal staff;

(b) **an informant's identity where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the defendant. However, the identity of an informant may not be kept secret where the prosecuting attorney intends to call such person as a witness at the trial**; and

(c) confidential records under the Criminal Injuries Compensation Commission.

8 GCA § 70.20 (emphasis added). A reading of § 70.20 clearly prescribes when an informant's identity is to be revealed: (1) upon a showing that a failure to disclose will infringe upon the constitutional rights of the defendant, and (2) the informant is an intended witness at trial.

**B. The Defendant fails to demonstrate how non-disclosure is an infringement of his constitutional rights.**

The People do not contend with the Defendant's request for video recordings, photographs, and laboratory materials pertaining to discovery. Thus, the Court is only confronted with the issue of whether the People are obligated to reveal the identity of the informant.

Defendant Poblete contends that the requested materials are "exculpatory, carry impeachment value, and are crucial to the defense of the charges in this matter." *Def.'s Mot.* at 3. However, Defendant Poblete fails to demonstrate *how* the requested materials, more specifically the identity of the informant, are exculpatory, carry impeachment value, are crucial to his defense. More importantly, the Defendant fails to demonstrate *how* the failure of disclosing the informant's identity infringes upon his constitutional rights. The Court does not find a connection between the informant's identity and the Defendant's ability to mount a defense, especially considering the People's indication that the informant would not be called as a witness.

**C. The issue of a potential conflict of interest.**

Notwithstanding the above analysis, the Court does note defense counsel's comments concerning the motivation behind Defendant's Motion. During the November 12, 2024 Pre-Trial

Conference, defense counsel indicated that it requested the informant's identity for the purposes of confirming any possible conflicts of interest, specifically if the informant is a former or current client. *See Min. Entry* (Nov. 12, 2024). Although the Court may end its analysis here, the issue of whether an informant's identity as it pertains to a possible conflict of interest is worth exploring.

Guam caselaw is silent as to the revealing of an informant's identity for the purpose of a risk of a conflict of interest. Current controlling caselaw on the issue of an informant's identity is *Roviaro v. U.S.*, 353 U.S. 53, 77 S. Ct. 623, 1L. Ed. 2d 639 (1957). *Roviaro* did not define a bright-line rule in determining whether informant disclosure was necessary, but rather called for "balancing public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, at 628-629. Further, *Roviaro* explains that the balancing depends on the circumstances of the case, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* The issue before this Court is whether a determination of a conflict of interest is a relevant factor that can be considered under *Roviaro*.

The Court finds persuasive *State v. Schilling*, 238 Kan. 593, 712 P.2d 1233 (1986). In *Schilling*, the trial court ordered the State to disclose the identity of an informant based on a finding that the identity of the informant was essential to a fair trial, and part of that reasoning was defense counsel's potential conflict of interest. *Schilling*, at 597. However, the Kansas Supreme Court found that the trial court could have instead made an in-camera examination to determine if a conflict of interest exists. *Id.* "Thus, as we see it the possible conflict of interest need not be considered in determining whether the disclosure of [the informant]'s identity to the defendant is essential to assure him a fair trial." *Id.*

Applying the *Schilling* holding here, the Court is not inclined to consider the potential conflict of interest as a hindrance to a fair trial. The Court weighs heavily the People's indication of the informant not being called to trial and the existence of other witnesses, specifically the police officers who witnessed the alleged controlled purchases, in its finding that non-disclosure would not result in substantive harm to the Defendant.

## CONCLUSION

For the above reasons, the Court **ORDERS** the following:

1. Based upon the People's non-opposition to the disclosure of photographs, video recordings, and laboratory materials pertinent to this matter, the Court **HEREBY GRANTS IN PART** Defendant's Motion to Compel Discovery as to the described materials herein.

2. As to the Defendant's request for disclosure of the informant's identity, the Court **HEREBY DENIES IN PART** Defendant's Motion to Compel Discovery as to the disclosure of the informant's identity.

**SO ORDERED** this 10th day of February, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG , POSC_

Date: _2/10/25_ Time: _2:42pm_

_Antonio G. Cruz_
Deputy Clerk, Superior Court of Guam